499 So.2d 632 (1986)
Beatrice B. DUNCAN
v.
STATE FARM FIRE AND CASUALTY COMPANY, et al.
No. CA-5505.
Court of Appeal of Louisiana, Fourth Circuit.
December 9, 1986.
Rehearing Denied January 15, 1987.
Writ Denied March 13, 1987.
*633 E. Ross Buckley, Jr., Blue, Williams and Buckley, Metairie, for appellees.
Edmond R. Eberle, New Orleans, for appellant.
Before BARRY, BYRNES and LOBRANO, JJ.
BYRNES, Judge.
Beatrice Duncan appeals the dismissal of her personal injury action against building owner, Dr. Shushil Gilotra, and his insurer, State Farm Fire and Casualty Company. Mrs. Duncan contends that the trial court erred when it found that the appellees were not liable for her injuries under theories of negligence or strict liability. We disagree and affirm the trial court's ruling.
On the morning of February 10, 1984, the appellant was visiting a friend, Mr. Frazier, who lived in one of four apartments located in a complex owned by the appellee, Dr. Gilotra. Upon exiting Mr. Frazier's apartment, Mrs. Duncan tripped and fell over a garden hose that was attached to a faucet beside the apartment door and extended in her path. As a result of the fall Mrs. Duncan sustained multiple injuries over her entire body.
The faucet to which the garden hose was attached was located approximately two feet from the ground and was centered between the entrance door to Mr. Frazier's apartment and that of the adjoining apartment. Although testimony on this point was conflicting, it appears that the hose on which Mrs. Duncan tripped was left lying across the walkway by the tenant in the adjoining apartment. Mr. Frazier testified that the hose did not belong to him. The building owner also denied owning the hose and further stated that he did not supply his tenants with garden hoses. He also testified that when he bought the building six years ago, the faucet was positioned in its present location. Finally, Mrs. Duncan testified that although she saw no hose attached to the faucet when she entered her friend's apartment on the day of the accident she had in the past seen the hose there.
Suit was brought by the appellant alleging both strict liability under C.C. *634 Arts. 2317 and 2322 and negligence under C.C. Art. 2315. Appellant specifically plead that the faucet was a vice or defect in the building which made its use unreasonably dangerous for her and that Dr. Gilotra was negligent in not moving the faucet to another location. In support of her claim appellant produced an expert witness who testified that the faucet location was poorly designed because its placement between two doors presented an obstacle every time the hose was in use. It was this expert's opinion that the faucet "should never have been put there".
As this court observed in Maltzahn v. City of New Orleans, 433 So.2d 417 (La. App. 4th Cir.1983):
Under either a negligence or strict liability analysis to determine whether a risk is unreasonable, the court must balance the probability of the harm posed plus the gravity of the harm which may ensue versus the utility of the thing in its condition on the date of the accident. The rights and duties of the parties must also be considered. This will necessarily involve examination of the conduct of both parties i.e., was plaintiff's conduct, as it relates to the thing, reasonable; were defendant's action or lack thereof unreasonable under the circumstances?
The utility of an outside faucet is beyond question. As the trial court correctly observed:
As long as we water lawns with hoses, there will be a risk that someone will leave a hose across a walkway. A careful person will put the hose back after using it. The relocation of the faucet may reduce the incidence of harm, but it will not eliminate it.
Under these circumstances we are unwilling to say that the presence of a faucet by the front door of this apartment posed an unreasonable risk of harm. The expert testimony supports this finding insofar as it showed that regardless of the faucet's location, a careless person could have left the garden hose strung out across the walkway. This is especially true when the conduct of the parties is taken into consideration.
From the record it seems clear that Mrs. Duncan's injuries were not caused by Dr. Gilotra's failure to relocate the faucet but were primarily due to the conduct of the person who left the garden hose lying across the walkway and by Mrs. Duncan herself, who failed to see what she should have seen. She testified that she had in the past seen a hose attached to the faucet beside Mr. Fraizer's door. She also stated that it was bright outdoors on the morning of her fall. In addition, Dr. Gilotra testified that he did not supply his tenants with hoses.
Under these circumstances we believe that the location of the faucet was not unreasonably dangerous and that a prudent and reasonable person exercising due care would have seen the garden hose and avoided the accident which injured Mrs. Duncan. If the location of the faucet was not unreasonably dangerous it is difficult to perceive how Dr. Gilotra was negligent by not relocating it.
For these reasons we find that the trial court correctly dismissed appellant's claims. Costs of this appeal are to be borne by appellant.
AFFIRMED.